# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

WILLIAM CLYDE THOMPSON,                )
                                       )
         Plaintiff,                   )
                                       )
v.                                     )       Case No. CIV-24-220-JAR
                                       )
COMMISSIONER OF THE                    )
SOCIAL SECURITY                        )
ADMINISTRATION,                        )
                                       )
         Defendant.                   )

## OPINION AND ORDER

This matter comes before this Court on the Motion for Attorney Fee Under 42 U.S.C. § 406(b) filed by Matthew H. McBee, the attorney of record for Plaintiff (Docket Entry No. 20).   Counsel requests that he be awarded fees for legal work pursuant to 42 U.S.C. § 406(b) in the amount of $25,800.00 after receiving a favorable decision from Defendant and an award of past due benefits.

The amount awarded to counsel for successfully prosecuting an appeal of a denial of Social Security benefits and obtaining benefits for a claimant may not exceed 25% of past due benefits.   42 U.S.C. § 406(b)(1)(A).   As in this case, Defendant is authorized to withhold up to 25% of the past due benefits awarded to a claimant for payment directly to the claimant's attorney.   42 U.S.C. § 406(a)(4).   The Tenth Circuit Court of Appeals determined that the 25% amount is separate and apart from the amount awarded at the agency level under 42 U.S.C. § 406(a).   Wrenn v. Astrue, 525 F.3d 931, 937-938 (10th Cir. 2008).   The only condition upon the full award of 25% is a requirement that the court review contingency fee arrangements "to assure that they yield reasonable results in particular cases."   Id. at 938 (citations omitted).   To that end, a review of

counsel's motion shows that it has a cursory list of tasks he performed for Plaintiff with no time attributed to each task.  As a result, it is impossible for this Court to evaluate the reasonableness of counsel's request without detailed contemporaneous time and task records.

Moreover, this Court is required to evaluate counsel's request for its timeliness.  In seeking an award under § 406(b), an attorney is required to employ the provisions of Fed. R. Civ. P. 60(b)(6).  McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006).  While relief under this rule is considered extraordinary and reserved for exceptional circumstances, substantial justice is served by permitting its use in the circumstance faced by counsel in seeking these fees.  Id.  However, in this case, Plaintiff's counsel has failed to offer any explanation for the considerable delay in his filing of the § 406(b) fee motion after the issuance of the Notice of Award – a delay of over four months.  In order to meet the criteria of Rule 60(b)(6), counsel must provide further information on this extended delay.

IT IS THEREFORE ORDERED that Plaintiff's counsel shall file a supplement to the Motion for Attorney Fee Under 42 U.S.C. § 406(b) (Docket Entry No. 20) no later than **MAY 21, 2026** providing contemporaneous time records associated with his work in this case and provide an explanation for the extended delay as required by the rigors of Rule 60(b)(6).

IT IS SO ORDERED this 12th day of May, 2026.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE

2